IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01392-MSK-KLM

DANIELLE MARIE TRUJILLO

    Plaintiff,

v.

TWO RIVERS DRUG ENFORCEMENT TASK FORCE (TRIDENT),

JOSHUA CRAINE, in his individual and official capacity,

MIKE TYLER, in his individual and official capacity,

VERNON GILES, in his individual and official capacity,

AARON MUNCH, in his individual and official capacity,

DANIEL LOYA, in his individual and official capacity,

CHRISTIAN MOHR, in his individual and official capacity,

JANE DOE, in her individual and official capacity,

JOHN DOE, in his individual and official capacity,

OFFICER RUSTY JACOBS, in his individual and official capacity Vail Police Department,

OFFICER MIKE KUPER, in his individual and official capacity Rifle Police Department,

OFFICER BRIAN RICKOFF, in his individual and official capacity Silt Police Department,

GARFIELD COUNTY SHERIFF'S DEPARTMENT,

SHERIFF LOUIS VALLARIO, in his individual and official capacity, and in his capacity as Trident Board Chairman, and

DEPUTIES JOHN DOE AND JANE DOE, in the their individual and official capacities,

    Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each of the Parties and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and as grounds therefore, state as follows:

1. In this action, the Parties have sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request that the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom-not made available to the public-and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a. Sealed criminal records;

    b. The Parties and/or their representatives' personnel files;

    c. Internal affairs investigation files;

    d. Witness statements; and

    e. Other documents related to Plaintiff's claims in this action.

Some designated confidential information, such as the internal investigation materials, may have been lawfully provided to parties and third parties prior to this litigation. The provisions of this protective order do not apply to this prior dissemination of information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any matter, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of "Exhibit A" has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, representatives of the Parties, representatives of the individual defendants' employers and claims management personnel, risk sharing agencies, and insurance and self-insurance

representatives, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either orally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who disclosed Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may, upon Court order or by agreement of the Parties, inspect the list maintained by counsel pursuant to paragraph 6 above, upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product proposed, including for review by experts in this case. Any such copies shall be made and used solely for proposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom, pursuant to paragraph 8 above, except that copies may be provided to expert witnesses as may be necessary, provided that such witnesses execute the affidavit (Exhibit A), as required in paragraph 4(b) hereof.

10. A Party may object to the designation of particular Confidential Information by giving written notice to the designating Parties. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Parties designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing Party all Confidential Information provided subject to this

Protective Order. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6, herein.

15. Nothing in this Protective Order shall preclude any Parties from filing a motion seeking further or different protection from the Court under Rule 26 (c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing Party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the Parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

DATED this 20th day of July, 2009.

BY THE COURT:

_____
Kristen L. Mix
United States Magistrate Judge

STIPULATED AND AGREED TO:

____/s?_____
Martin H. Freeman, Esq.
Freeman & Freeman, P.C.
1280 Ute Avenue, Ste 10
Aspen, CO 81611
freemanlaw@frontier.net

\_\_\_\_/s/_____
Kathy Goudy, Esq.
689 Main Street, Ste 200
P.O. Box 1658
Carbondale, CO 81623
goudy@sopris.net

\_\_\_/s/_____
Gary L. Doehling, P.C.
628 Rood Avenue, Ste 3
Grand Junction, CO 81501
gary@doehlinglaw.com

_____/s/_____
Eric M. Ziporin, Esq.
Senter Goldfarb & Rice, LLC
1700 Broadway, Ste 1700
Denver, CO 80290
eziporin@sgrllc.com

\_\_\_\_\_/s/_____
Josh A. Marks, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
jam@bhgrlaw.com

\_\_\_\_/s/_____
J. Andrew Nathan, Esq.
Andrew J. Fisher, Esq.
Nathan Bremer Bumm & Myers, P.C.
3900 E. Mexico, Ste 1000
          Denver, CO 80210
anathan@nbdmlaw.com
afisher@nbdmlaw.com

\_\_\_\_\_/s/_____
Peter H. Doherty, Esq.
Overturf, McGath, Hull & Doherty, P.C.
625 East 16th Avenue, #100
Denver, CO 80203
phd@overturfmcgath.com

7

## AFFIDAVIT

STATE OF COLORADO    }
                     }
COUNTY OF            }

_____, Swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Danielle Marie Trujillo v. Two Rivers Drug Enforcement Task Force, et al, No. 09-cv-01392-MSK-KLM, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address: _____

_____

Telephone
No.:(\_\_\_\_)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2009, by_____.
WITNESS my hand and official seal.

_____
Notary Public
My commission expires:_____

[SEAL]